# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 12, 2010

No. 09-50325
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TONG C. PARK,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CR-15-1

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Tong C. Park appeals the sentence imposed following her guilty plea to conspiracy to traffic in counterfeit goods and trafficking in counterfeit goods. She argues that (1) the district court misapplied U.S.S.G § 2B5.3 and (2) her within-guidelines sentence was substantively unreasonable. We affirm.

We review de novo the district court's interpretation and application of the Sentencing Guidelines and review its factual findings for clear error. *United States v. Yi,* 460 F.3d 623, 635 (5th Cir. 2006). Based on expert testimony that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the infringing items would have appeared to a reasonably informed purchaser to be identical or substantially equivalent to the infringed items, the record supports a conclusion that the district court did not clearly err in using the retail value of the infringed items to calculate Park's offense level. *See* § 2B5.3, cmt. (n.2(A)(i)); *see United States v. Jackson*, 453 F.3d 302, 308 n.11 (5th Cir. 2006).

We review the substantive reasonableness of Park's sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007). The district court refused to consider a downward variance from the advisory range because Park had failed to heed repeated warnings by law enforcement regarding her trafficking in counterfeit goods. *See* 18 U.S.C. § 3553(a)(2)(A). "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). Park's disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *Cf. United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

AFFIRMED.